UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

GERALD R. MOORE,

      Plaintiff,

v.

LAW OFFICES OF SCOTT B. WHEAT, LLC.,
SCOTT B. WHEAT and JOHN DOE.

      Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k.  Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3.    Plaintiff, GERALD R. MOORE, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.     Defendant, LAW OFFICES OF SCOTT B. WHEAT, LLC., ("LAW OFFICES OF SCOTT B. WHEAT") is a limited liability company. All its members are citizens of the State of Maryland with its principal place of business at Number 858, 5 Glyndon Drive, Reisterstown, Maryland 21136.

5.     Defendant SCOTT B. WHEAT is a member of the New York Bar. He is a natural person and a resident and citizen of the either the State of Maryland or New York, however his address is currently unknown to Plaintiff.

6.     SCOTT B. WHEAT is managing member of LAW OFFICES OF SCOTT B. WHEAT. He established, directed, formulated, controlled, and approved of the practices and procedures practices complained of herein. He is a member of the New York bar and obligated to supervise employees and agents acting on his behalf. He exercise supervisory authority and is intimately involved with the practices and procedures of LAW OFFICES OF SCOTT B. WHEAT and is liable for those actions.

7.     Defendant, JOHN DOE, is a business entity whose identity, whereabouts, and citizenship are currently unknown to Plaintiff. JOHN DOE was the owner of the alleged debt at the time the Defendant LAW OFFICES OF SCOTT B. WHEAT placed calls to Plaintiff. JOHN DOE is vicariously liable to Plaintiff for the actions of the named Defendants. Upon the right to discovery, Plaintiff will obtain the necessary information from the named Defendant's LAW

OFFICES OF SCOTT B. WHEAT and SCOTT B. WHEAT and amend the complaint.

8.     Defendant, LAW OFFICES OF SCOTT B. WHEAT, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

9.     Defendant, LAW OFFICES OF SCOTT B. WHEAT, regularly collects or attempts to collect debts for other parties.

10.     Defendant, LAW OFFICES OF SCOTT B. WHEAT, is a "debt collector" as defined in the FDCPA.

11.     Defendant, LAW OFFICES OF SCOTT B. WHEAT, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

12.     JOHN DOE is the original creditor on whose behalf LAW OFFICES OF SCOTT B. WHEAT placed the calls, it is vicariously liable to Plaintiff with respect to the alleged violations of the TCPA. The Federal Communications Commission has held: "Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." FCC, IN THE MATTER OF RULES AND REGULATIONS IMPLEMENTING THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: REQUEST OF ACA INTERNATIONAL FOR

CLARIFICATION AND DECLARATORY RULING, 07-232, ¶10, (2007), ("FCC RUL. 07-232").

## **FACTUAL ALLEGATIONS**

13.    Defendant, LAW OFFICES OF SCOTT B. WHEAT, sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

14.    Defendant, LAW OFFICES OF SCOTT B. WHEAT, left the following messages on Plaintiff's voice mail on or about the dates stated:

January 12, 2010 at 1:46 PM
Hello, this message is intended for Gerald Moore. My name is Miss Gudaum with the Law Office of Scott Wheat. This firm has been retained to represent our client regarding potential civil complaint. The case number here 111552. I would like to give you the option to resolve this matter without having to appear before a district justice or magistrate. But I do need a return call from either yourself or your attorney immediately. My office number is 1-877-847-6680, extension 511. Please return this call to avoid any further processing. Thank you, Gerald and good luck.

January 18, 2010 at 2:52 PM – Pre-Recorded Message
This is the Law Office of Scott Wheat calling to contact Gerald Moore. We are calling to afford you the opportunity to resolve case number 111552, voluntarily. We require that you contact our firm immediately so that we may best assist you with this matter. Call us today at 1-877-847-6680.

April 19, 2010 at 12:51 PM – Pre-Recorded Message
This is an important call intended for Gerald Moore and solely for Gerald Moore from the Law Office of Scott B. Wheat. This is formal notification of a situation that warrants your immediate attention. To receive additional information regarding this matter, you may call 1-866-377-5434. Once again, you may call the Law Office of Scott B. Wheat at 1-866-377-5434. Thank you.

<u>April 19, 2010 at 2:58 PM – Pre-Recorded Message</u>
This is an important call intended for Gerald Moore and solely for Gerald
Moore from the Law Office of Scott B. Wheat. This is formal notification of
a situation that warrants your immediate attention. To receive additional
information regarding this matter, you may call 1-866-377-5434. Once
again, you may call the Law Office of Scott B. Wheat at 1-866-377-5434.
Thank you.

<u>April 20, 2010 at 9:28 AM</u>
Gerald Moore, this is the Law Offices of Scott Wheat calling regarding
pending (inaudible) filing on a bad check claim, a business matter you were
directly involved with. I need your immediate attention for immediate
resolve here in my office. Call 866-279-6888 extension 519 regarding case
number 111552.

<u>May 20, 2010 at 12:48 PM – Pre-Recorded Message</u>
6-377-5434. Once again, you may call the Law Office of Scott B. Wheat at
1-866-377-5434.

<u>May 26, 2010 at 3:47 PM – Pre-Recorded Message</u>
66-377-5434. Once again, you may call the Law Office of Scott B. Wheat at
1-866-377-5434. Thank you.

15.     Defendant, LAW OFFICES OF SCOTT B. WHEAT, left similar or

identical messages on other occasions. (Collectively, "the telephone messages").

16.     The messages are "communications" as defined by 15 U.S.C.

§1692a(2). See <u>*Berg v. Merchs. Ass'n Collection Div*</u>., Case No. 08-60660-Civ-

Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

17.     Defendant, LAW OFFICES OF SCOTT B. WHEAT, failed to inform

Plaintiff in the messages that the communication was from a debt collector and

failed to disclose the purpose of its messages.

5

18.     Defendant, LAW OFFICES OF SCOTT B. WHEAT, knew it was required to communicate its status as a debt collector and the purpose of its call in telephone messages to Plaintiff.

19.     Although Defendant's January 12, 2010, message threaten a lawsuit against Plaintiff to recover the alleged debt, to the best of Plaintiff's knowledge, none of the Defendants have filed suit against him in the intervening 16 months.

20.     Defendant's statements including but not limited to "I would like to give you the option to resolve this matter without having to appear before a district justice or magistrate. But I do need a return call from either yourself or your attorney immediately," creates a false threat of litigation, and a false sense of urgency.

21.     Defendant, LAW OFFICES OF SCOTT B. WHEAT, used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

22.     None of Defendant, LAW OFFICES OF SCOTT B. WHEAT's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

23.     Defendant, LAW OFFICES OF SCOTT B. WHEAT, willfully or knowingly violated the TCPA.

## <u>COUNT I</u>
## <u>FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR</u>

24.     Plaintiff incorporates Paragraphs 1 through 23.

25.     Defendant, LAW OFFICES OF SCOTT B. WHEAT, failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys*., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.     Damages;

b.     Attorney's fees, litigation expenses and costs of suit; and

c.     Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

26.     Plaintiff incorporates Paragraphs 1 through 23.

27.     Defendant, LAW OFFICES OF SCOTT B. WHEAT, placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist.

LEXIS 73008, (S.D.Fla., September 23, 2008); <u>Wright v. Credit Bureau of Georgia, Inc.</u>, 548 F. Supp. 591, 593 (D. Ga. 1982); and <u>Hosseinzadeh v. M.R.S. Assocs.</u>, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

  a. Damages;

  b. Attorney's fees, litigation expenses and costs of suit; and

  c. Such other or further relief as the Court deems proper.

**COUNT III**
**HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**

28. Plaintiff incorporates Paragraphs 1 through 23.

29. By falsely threatening litigation and creating a false threat of urgency, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

  a. Damages;

  b. Attorney's fees, litigation expenses and costs of suit;

  c. declaring that Defendant's practices violate the FCCPA;

d.      permanently injoining Defendant from engaging in the complained of practices; and

e.      Such other or further relief as the Court deems proper.

## COUNT IV
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

30.      Plaintiff incorporates Paragraphs 1 through 23.

31.      Defendant, LAW OFFICES OF SCOTT B. WHEAT, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.      Damages;

b.      a declaration that Defendant's calls violate the TCPA;

c.      a permanent injunction prohibiting Defendant, LAW OFFICES OF SCOTT B. WHEAT, from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice; and

d.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com


By: s/ Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658